UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONALD J.,[1]

                                      Plaintiff,        Case # 19-cv-1621-FPG

v.                                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                      Defendant.
_____

## INTRODUCTION

On May 1, 2013, Plaintiff Donald J. protectively applied for Disability Insurance Benefits and Disabled Widow's Benefits under Title II of the Social Security Act (the "Act"). Tr.[2] 78. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Grenville W. Harrop, Jr. on November 10, 2015. Tr. 29-55. On January 26, 2016, ALJ Harrop issued an unfavorable decision. Tr. 13-21. The Appeals Council denied review on July 13, 2017, and Plaintiff appealed to this Court. On June 4, 2018, the case was remanded for further proceedings pursuant to a stipulation between parties. Tr. 511-12.

Following this Court's remand, the Appeals Council issued an Order instructing the ALJ to evaluate Plaintiff's mental impairments in accordance with the techniques described in 20 C.F.R. 404.1520(a); to give further consideration to the treating and non-treating source opinions pursuant to the provisions of 20 C.F.R. 404.1527 and explain the weight given to such evidence; to give further consideration to Plaintiff's maximum residual functional capacity and provide

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 4.

rationale with references to the record, obtaining medical expert evidence; and if warranted, obtain evidence from a vocational expert.  Tr. 517-18.

Plaintiff appeared at a second hearing on May 3, 2019 before ALJ Paul Georger (the "ALJ").  At the hearing, Plaintiff and vocational expert, Rachel Duchenne, testified.  Tr. 473-510.  On July 30, 2019, the ALJ issued an unfavorable decision.  Tr. 451-66.  Plaintiff then appealed to this Court.[3]  ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  ECF Nos. 9, 14.  For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings.

## LEGAL STANDARD

### I. District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted).  The Commissioner's decision is "conclusive" if it is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

---

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.     Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

## I.     The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 21, 2008, the alleged onset date. Tr. 454. At step two, the ALJ found that Plaintiff has the following severe impairments: coronary artery disease status-post cardiac catheterization, degenerative disc disease of the lumbar and thoracic spine, osteoarthritis of the left knee, and obesity. Tr. 455. The ALJ found that Plaintiff also has the following impairments: hypertension, hyperlipidemia, type II mellitus, and anxiety disorder. *Id.* The ALJ determined that these impairments are non-severe

3

because they do not cause more than a minimal impairment to Plaintiff's ability to perform work activities. *Id.*

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 457. The ALJ determined that Plaintiff maintained the RFC to perform light work as defined in 20 C.F.R. 404.1567(b). Tr. 458. However, the ALJ found that Plaintiff has other exertional limitations, including that Plaintiff can climb ramps and stairs only occasionally and climb ladders, ropes or scaffolds occasionally. *Id.* The ALJ also limited Plaintiff to only occasionally balancing, stooping, kneeling, crouching, or crawling. *Id.*

In formulating the RFC, the ALJ applied substantial weight to state agency reviewing physician J. Straussner, Ph.D.'s opinion that Plaintiff had only mild restrictions of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence or pace, and no episodes of extended decompensation. Tr. 464. In formulating the opinion, the ALJ noted that Dr. Straussner referenced findings in the medical record including the lack of psychiatric treatment, lack of psychiatric mediation, and ability to maintain personal care. *Id.* The ALJ also applied substantial weight to consultative examiner Janine Ippolito, Psy.D.'s opinion that Plaintiff's limitations from anxiety do not appear to be significant enough to interfere with the ability to function on a daily basis. *Id.* The opinion was deemed consistent with the lack of psychiatric treatment and medication and ability to perform activities of daily living. *Id.* The ALJ also applied substantial weight to the opinion of consultative examiner Hongbio Liu, M.D., who found that Plaintiff had mild to moderate limitations for prolonged walking, bending,

4

kneeling, and overhead reaching. *Id.* His opinion was deemed consistent with the overall record, including Plaintiff's limited and conservative treatment and reported daily activity. *Id.*

The opinion of Plaintiff's treating physician, John P. Ward, D.O., was given little weight. Tr. 465. Dr. Ward opined that Plaintiff could only sit for an hour at a time for a total of four hours in an eight-hour workday and stand or walk one hour at a time for a total of four hours in an eight-hour workday. *Id.* He also opined that Plaintiff could only lift up to five pounds; was not able to bend, squat, crawl, climb, or reach; was fully restricted from activities involving unprotected heights, moving machinery, exposure to changes in temperature, and humidity; and partially restricted in the ability to drive equipment. *Id.* He noted that Plaintiff was likely to miss four or more days of work per month and has had such limitations for 15 years. *Id.* In applying little weight to this opinion, the ALJ noted that the assessment was contrary to the medical records, including Dr. Ward's own records, and that it was "absurd" to suggest that Plaintiff has had such impairments for 15 years, given Plaintiff's prior work. *Id.* The ALJ also applied no weight to Dr. Ward's letter regarding Plaintiff's worsening osteoarthritis of the knees, hypertension, and diabetes because the statement was proffered almost five years after the end of the requested disability period. *Id.*

At steps four and five, the ALJ concluded that Plaintiff was capable of performing past relevant work as a small products assembler. Tr. 465-66. As such, the ALJ found that Plaintiff was not disabled.

**II.     Analysis**

Plaintiff takes issue with the ALJ's decision on the basis that the ALJ: (1) violated the treating physician rule and the Appeals Council Order in rejecting the treating physician opinion from Dr. Ward; (2) failed to reconcile the RFC with Dr. Liu's limiting opinion; and (3) failed to

account for Plaintiff's subjective complaints.  Because this Court agrees that remand is required under Plaintiff's first argument, it does not address Plaintiff's other arguments.

An ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  20 C.F.R. § 404.1527(c)(2);[4] *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).  An ALJ may discount a treating physician's opinion if it does not meet this standard, but he must "comprehensively set forth [his] reasons" for doing so.  *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) (the SSA "will always give good reasons" for the weight afforded to a treating source's opinion).

When a treating physician's opinion is not given controlling weight, an ALJ considers the following factors to determine how much weight it should receive: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion.  20 C.F.R. § 404.1527(c)(1)-(6).

The ALJ failed to do so here.  Although the ALJ recognizes that Dr. Ward was Plaintiff's primary care provider, the ALJ goes no further in his discussion of Dr. Ward's treatment relationship with Plaintiff or the medical evidence of record.  Rather, the ALJ only discusses a treatment note from March 18, 2019—years after the end of the relevant disability time period— which indicated minimal abnormalities. Tr. 462.  The ALJ then conclusively states that Dr. Ward's

---

[4] These regulations were applicable at the time Plaintiff filed his claim.

assessment is contrary to the medical records. Tr. 465. Simply stating that an opinion is not consistent with the overall record, without citing to examples of inconsistencies or discussing the inconsistencies in the record, is insufficient rationale for discounting the opinion. *See, e.g.*, *Tuper v. Berryhill*, No. 17-CV-6288P, 2018 WL 4178269, at *5 (W.D.N.Y. Aug. 31, 2018) ("The ALJ's one-sentence explanation for discrediting [the treating physician's] opinions are all 'inconsistent with the treatment record' is far too conclusory to constitute a 'good reason' for discounting the weight given to the opinions of [plaintiff's] treating physician."); *Cabrera v. Comm'r of Soc. Sec.*, No. 16 Civ. 4311 (AT) (JLC), 2017 WL 3686760, at *4 (S.D.N.Y. Aug. 25, 2017) (the ALJ's statement that the doctor's opinion was "inconsistent" with the plaintiff's activities was insufficient "good reason" to discount the opinion) (collecting cases); *Marchetti v. Colvin*, No. 13-CV-02581 (KAM), 2014 WL 7359158, at *13 (E.D.N.Y. Dec. 24, 2014) ("Under the treating physician rule, an ALJ may not reject a treating physician's opinion based solely on such conclusory assertions of inconsistency with the medical record.") (collecting cases). While this Court recognizes, as the Commissioner points out, that the ALJ need not state "every reason justifying a decision," ECF No. 14-1 at 9 (citing *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (additional citations omitted)), an ALJ must provide a more detailed discussion regarding why the physician's opinion is inconsistent than what was provided here. *See Burgess v. Astrue*, 537 F.3d 117, 129-130 (2d Cir. 2008).

The ALJ was not only required to provide specific reasons for applying little weight to the opinion of Dr. Ward pursuant to the treating physician rule, but the ALJ was also specifically instructed to do so by the Appeals Council. Indeed, the Appeals Council's order recognized that in ALJ Harrop's 2016 decision, little weight was applied to Dr. Ward's opinion on the basis that the opinion was not consistent with Dr. Ward's examination of Plaintiff or with Plaintiff's admitted

daily activities. Tr. 516. However, the ALJ did not cite to any specific findings in the record nor did the ALJ reference any of Plaintiff's daily activities. *Id.* Despite clear orders by the Appeals Council to remedy this error, the ALJ failed to do so. In fact, the only difference in the ALJ's rationale for applying limited weight in the recent decision, is a more in-depth discussion of Dr. Ward's opinion, not a more detailed discussion of the records that rendered Dr. Ward's opinion inconsistent or unsupported. *Compare* Tr. 19, *with* Tr. 465. This alone necessitates remand. *See* 20 C.F.R. § 404.977(b) ("The administrative law judge shall take any action that is ordered by the Appeals Council"); *see also Ellis v. Colvin*, 29 F. Supp. 3d 288, 299 (W.D.N.Y. 2014) ("The failure of an ALJ to abide by the directives in an Appeals Council remand order constitutes legal error requiring remand.") (collecting cases).

The Commissioner points to various medical evidence in support of the ALJ's finding that Dr. Ward's opinion was inconsistent with the other objective findings of record. The evidence the Commissioner offers may have supported the conclusion that Dr. Ward's opinion was entitled to less than controlling weight, however, such reasoning does not appear in the ALJ's decision. Rather, the ALJ conclusively states that Dr. Ward's opinion was contrary to the record which contains mild to moderate abnormalities, without pointing to any evidence or objective medical finding in the record. Tr. 465. When the Court is presented with reasons not considered by the ALJ in applying the treating physician rule, the Court is "not permitted to accept the Commissioner's post-hoc rationalizations for the ALJ's determination." *White v. Saul*, 414 F. Supp. 3d 377, 385 (W.D.N.Y. 2019).

The ALJ's failure to properly evaluate Dr. Ward's opinion was not harmless error. Contrary to the opinion of Dr. Ward, the RFC permits Plaintiff to occasionally balance, stoop, kneel, crouch or crawl. Tr. 458. The RFC also allows Plaintiff to perform light work, which

involves frequent lifting or carrying of objects weighing up to ten pounds, despite Dr. Ward's opinion that Plaintiff could never lift or carry more than five pounds. Tr. 458, 446. Moreover, light work also involves a good deal of walking or standing. Tr. 458. Conversely, Dr. Ward opined that Plaintiff could only sit or stand for an hour at a time and could only sit for a total of four hours in an eight-hour day and stand for a total of four hours in an eight-hour day. Tr. 446. Thus, for the reasons discussed, remand is required.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 9, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 14, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 8, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court